UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MCDONALD,<br><br>    Plaintiff,<br><br>    v.<br><br>WEST CONTRA COSTA NARCOTICS ENFORCEMENT TEAM, et al.,<br><br>    Defendants. | Case No. 14-cv-04154-VC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO DISMISS; GRANTING MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 51, 53, 56, 61, 62 |

The Arrest and Investigation

1. Westnet's motion to dismiss on the ground that it can't be sued under 42 U.S.C. § 1983 is granted. To the extent Westnet is a separate legal entity, it is a state entity that would not be deemed a "person" within the meaning of Section 1983, because it is comprised of both state and local law enforcement officers and is supervised by the California Department of Justice. McDonald has not cited a case, nor is the Court aware of one, in which a comparable task force could be sued under Section 1983. Dismissal is with prejudice.

2. Barr and Souza's motion to dismiss the first cause of action as to them is granted. McDonald's conviction under California Health and Safety Code § 11382 was based on evidence that he represented to the undercover agents that the powders he was selling them were ephedrine and methamphetamine. Any plausible argument that the agents lacked probable cause to arrest him for selling ephedrine and methamphetamine would undermine the conviction, so any claim based on a lack of probable cause is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). McDonald's request for leave to file an amended complaint to assert a claim for malicious prosecution is granted.

3. Barr and Souza's motion to dismiss the second cause of action is denied. The allegation

that the officers exceeded the scope of the warrant by stealing money from McDonald's store while they were executing the warrant implicates the Fourth Amendment, as does the allegation that the officers intentionally left the door open for people to ransack the store. The argument that such conduct does not implicate the Fourth Amendment is difficult to square with the language of that amendment, which protects people from "unreasonable" searches so that they may be "secure in their persons, houses, papers and effects . . . ." The argument is also difficult to square with the established rule that "[a]n officer's conduct in executing a search is subject to the Fourth Amendment's mandate of reasonableness from the moment of the officer's entry until the moment of departure." *San Jose Charter of Hells Angels Motorcycle Club v. City of San Jose*, 402 F.3d 962, 971 (9th Cir. 2005); *see also Collins v. Guerin*, 2014 WL 7205669 at *6 & n.2 (S.D. Cal.). It's obviously "unreasonable" to steal someone's money while executing a search warrant.

*Slider v. City of Oakland*, 2010 WL 2867807 at *4 (N.D. Cal.) is arguably to the contrary. But the decision in *Slider* appeared to rely solely on Justice O'Connor's concurring opinion in *Hudson v. Palmer*, 468 U.S. 517 (1984), which discussed whether the Fourth Amendment is implicated when someone is in prison, his property is in inventory, and something happens to the property. *Id.* at 537-540. Justice O'Connor's opinion does not stand for the proposition that when an officer is executing a warrant to search someone's home or business, some types of unreasonable conduct by the officer, such as stealing or destroying property, escape the Fourth Amendment's reach.

### The Pretrial Detention

1. The motion to dismiss the third and fourth causes of action on statute of limitations grounds is denied as to Marin County and Augustus. Before this case was removed, the Marin County Superior Court ruled that the limitations period was tolled by California Government Code § 945.3. Although the Superior Court's interpretation of Section 945.3 may well be wrong, *see Lincoln v. County of San Bernadino*, No. E046069, 2010 WL 619747 (Cal. App. 2/23/10), it is not so obviously wrong as to warrant reconsideration by this Court. *See Preaseau v. Prudential Ins. Co. of America*, 591 F.2d 74, 79 (holding that a federal court "treats everything that occurred in the state court as if it had taken place in federal court" and that the federal judge should overturn

the state judge if "he is *firmly convinced* that an error of law has been committed") (emphasis added). It is at least plausible that the statutory phrase "conduct of the peace officer relating to the offense for which the accused is charged" includes conduct by a jailer towards someone who is in jail awaiting trial, because pretrial confinement for an offense is at least arguably "related to" that offense. *Cf. Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 383-84 (1992) (discussing the expansive reach of the words "relate to").

Augustus argues that even if tolling applies, the third and fourth causes of action are not timely as to him because McDonald did not name him as a defendant in the original complaint, and because the subsequent version of the complaint that named Augustus should not relate back to the original complaint. Federal Rule of Civil Procedure 15(c) applies in this situation. *See Butler v. National Community Renaissance of California*, 766 F.3d 1191, 1199-1200 (9th Cir. 2014). And the amended complaint relates back to the original complaint because McDonald's original decision to name only Marin County, and not its individual employees, constitutes a "mistake concerning the proper party's identity" within the meaning of Rule 15(c)(1)(C)(ii). *See Soto v. Brooklyn Correctional Facility*, 80 F.3d 34 (2d Cir. 1996).

2. But Section 945.3 only tolls claims against peace officers. Wyatt-Lucha and Osaki are clearly not peace officers, so the motion for summary judgment on the ground that the complaint is not timely as to them is granted.

3. Marin County and Augustus also move to dismiss the third and fourth causes of action (for violation of the Free Exercise Clause and RLUIPA) on the merits. This motion is denied. McDonald alleges he needed vegetarian meals at the jail because of his long-held adherence to "Evenism," which is a "religious and spiritual worldview" that "eating the flesh of land-based animals is no different than eating human flesh." TAC ¶ 52. Nobody appears to dispute that this allegation, in isolation, could survive a motion to dismiss, but the defendants argue that McDonald contradicted this allegation when he filed a grievance in jail. On the grievance form, which is quoted in the complaint, McDonald complained about the rule that an inmate must be religious to get a vegetarian diet and stated: "my belief in not hurting animals is just as important as any religious belief." TAC ¶ 54. The defendants argue that this constitutes an admission by

3

McDonald that his need for a vegetarian diet was not based on religion. But it's plausible that McDonald was simply disavowing "religion" in the layperson's sense of the word while articulating to his jailers a belief system that is "religious" within the meaning of the First Amendment and RLUIPA. See, e.g., *Kaufman v. McCaughtry*, 419 F.3d 678, 681 (7th Cir. 2005) ("The problem here was that the prison officials did not treat atheism as a 'religion,' perhaps in keeping with Kaufman's own insistence that it is the antithesis of religion. But whether atheism is a 'religion' for First Amendment purposes is a somewhat different question than whether its adherents believe in a supreme being, or attend regular devotional services, or have a sacred Scripture."). McDonald is entitled to discovery to pursue this plausible theory.

    5. Augustus argues that the fourth cause of action should nonetheless be dismissed as to him. He contends that individuals cannot be held liable under RLUIPA because Congress enacted this statute pursuant to its spending power. McDonald responds that RLUIPA was also an exercise of the commerce power, and argues that a claim against Augustus is therefore proper. Because the Court has not received thorough briefing on this question, and because the RLUIPA claim against Augustus will not alter the scope of discovery since the Free Exercise claim is going forward in any event, this motion is denied without prejudice to raising the argument again at the summary judgment stage.

**IT IS SO ORDERED.**

Dated: March 20, 2015

_____
VINCE CHHABRIA
United States District Judge

4